**WAGNER, Admr v BLANCHARD et** ·

Ohio Appeals, 5th Dist, Stark Co

No. 1183.   Decided Oct —, 1931

N. A. Sponseller, Canton, for plaintiff in error.

U. A. Wernet, Canton, for defendants in error.

LEMERT, J.

In the case of **Campbell v McCormick, O. C. D., 281,** it is held that:

"Rents received by an administrator from the real estate of his intestate, under certain circumstances, may properly be charged to him on his account filed for the settlement of the estate."

In the case of **Conger, Admr v Atwood, 28 Oh St, 134,** the court holds:

"An administrator who, without authority, collects rents of his intestate's real estate and uses them as assets in paying the debts of the estate, is liable to the party entitled to such rents and he may recover the amount thereof of the administrator in his respective character."

We believe and hold that the heirs at law of Lewis D. Blanchard, or the admin-

istrator of the estate of Lewis D. Blanchard, can have no greater estate or interest in the premises than Lewis D. Blanchard had during his lifetime, and that he had pledged by way of contract or mortgage not only the real estate but also the rents, issues and profits, and having bound himself, his heirs, executors and assigns, that the lien is impressed upon the fund and cannot, by the act of the heirs or the administrator, be changed in its status so long as it remains a fund. As to whether this fund is in the hands of an assignee, an heir, administrator, executor or trustee is not material, and therefore it is our belief that it parallels cases wherein an assignee is a party and applies as well as to the present case.

A very helpful case and a case parallel to the instant one is to be found in the **9th O. C. D., page 171.** In that case the record shows that the mortgage upon which the litigation ensued conveyed the real estate and all estate, right, title and interest, either in law or in equity, of, in and to the said premises, together with all the privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof.

So in the instant case, we believe the right of the mortgagee is to have applied the funds arising out of the real estate described in the contract or mortgage, whether from the rents or the sale, or both, and this fund now being in the custody of the court, namely, in the hands of the administrator, its distribution should be upon equitable principles. If the administrator does not have the right to apply this money in the payment of the general debts, upon what principle of justice or equity are the heirs at law of Lewis D. Blanchard entitled to it? He bound not only himself, but his heirs, to the proposition that this land and the rents, income and profits should be applied to the extinction of his indebtedness, secured by the mortgage.

Therefore, entertaining the foregoing view upon the instant case, it follows that the same judgment will be entered in this court as was entered in the court below. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.